**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 98-40407
Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**GUADALUPE MARCO VILLARREAL-FUENTES,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-13-1**

**February 25, 1999**

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Guadalupe Marco Villarreal-Fuentes maintains that the record does not adequately reflect whether he knowingly and voluntarily pleaded guilty, because the district court failed to obtain personal responses to its questions during the Federal Rule of Criminal Procedure 11 proceeding involving other defendants as well; and that the court erred in relying on the presentence report (PSR) to enhance his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A) (prior "aggravated felony" conviction). Pursuant to

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

our review of the record, including the transcripts of the rearraignment and sentencing hearings, the PSR, and the briefs of the parties, we **AFFIRM** Villarreal's conviction and sentence.

First, Villarreal has not identified a variance from Rule 11 that affected his substantial rights. Therefore, for this often raised challenge by other defendants, he has not demonstrated that his guilty plea was not voluntarily and knowingly entered. *See United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993)(en banc).

Second, there was reliable information in the PSR demonstrating that Villarreal has a prior aggravated felony conviction. (This point is raised to preserve possible review by the Supreme Court.) Because he made no attempt to rebut this information, the district court was authorized to rely on it as a basis for the 16-level enhancement. *See United States v. Clark*, 139 F.3d 485, 490 (5th Cir.), *cert. denied*, 119 S. Ct. 227 (1998).

*AFFIRMED*